IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JASON SHEPPERD, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-08-475-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| LAWRENCE WASDEN, Attorney General, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Jason Shepperd (Petitioner) filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Respondent Lawrence Wasden (Respondent) subsequently filed a Motion for Summary Dismissal, requesting that Petitioner's Petition be dismissed with prejudice. (Docket No. 9.)

Having fully reviewed the record, including the state court record lodged by the parties, the Court finds that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

## BACKGROUND

Petitioner was charged with misdemeanor domestic battery in the presence of a child and misdemeanor injury to child in the magistrate division of the Fourth Judicial

**MEMORANDUM DECISION AND ORDER 1**

District Court in Ada County, Idaho.  The charges arose from an incident where Petitioner physically picked up and removed his ex-wife from his house and set her down outside on his patio while she was holding their infant son.  At trial, Petitioner requested the following instructions related to his present claim: (1) "The Constitution of the State of Idaho declares that all individuals have an 'inalienable right' to possess and protect property (citing Idaho Const., art. 1,§ 1); (2) "Lawful resistance to the commission of a public offense may be made by the party about to be injured" (citing I.C. § 19-201); and (3) "Every person, except under landlord-tenant relationship, who enters any dwelling house without the consent of the owner or lawful possessor of such property is guilty of a misdemeanor crime" (citing I.C. § 18-7034).  (State's Lodging B-1 to B-3.)  The trial court refused the instructions.  (State's Lodging A-3.)  The jury convicted Petitioner of the domestic battery charge but acquitted him of the injury to child charge.  (State's Lodging A-1, p.30.)  He was sentenced to sixty days in jail.

     Petitioner appealed to the state district court, and the conviction was vacated and a new trial ordered.  (State's Lodging A-1, pp. 41-45.)  The State then appealed the district court's decision to the Idaho Court of Appeals.  The state district court's decision was reversed and the conviction reinstated.  The State argued that Petitioner was not entitled to "defense of property" instructions, and Petitioner argued that he was entitled to the instructions pursuant to the Idaho Constitution, Idaho Code, and Idaho case law governing jury instructions.  (State's Lodgings B-1 to B-3.)  The Idaho Court of Appeals concluded that there was no reasonable view of the evidence to support Petitioner's claim

**MEMORANDUM DECISION AND ORDER  2**

that his ex-wife had unlawfully entered his home such that I.C. § 19-201 would apply. (State's Lodging B-6.)

Petitioner then filed a petition for review with the Idaho Supreme Court, which was denied. (State's Lodgings B-7 to B-9). The remittitur issued on January 18, 2007. (State's Lodging B-10.) Petitioner is currently serving a sentence for convictions other than the one at issue.

After Petitioner filed his federal Habeas Corpus Petition, Respondent filed the pending Motion for Summary, alleging that Petitioner did not present a federal claim to the state courts, and, therefore, any federal claim now asserted in the federal habeas corpus petition is procedurally defaulted and subject to dismissal with prejudice.

## PETITIONER'S MOTIONS

Petitioner has filed a Motion for Appointment of Counsel, asserting that he is untrained in the law and unable to respond to Respondent's Motion for Summary Dismissal. (Docket No. 12.) After Petitioner filed his Motion to Appoint Counsel, he did, in fact, file an adequate response.

The Court nevertheless considers whether appointment of counsel in this case is appropriate. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel

**MEMORANDUM DECISION AND ORDER 3**

for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the Court concludes that an evidentiary hearing is not required, and that the Court's understanding of the pending issues would not be aided by appointment of counsel. As a result, Petitioner's Motion is denied.

Petitioner has also filed a Motion for Expansion of the Record (Docket No. 14). Petitioner argues that the State failed to produce the transcript of Case No. H0-600706. A partial transcript, containing the testimony of the parties and witnesses and the jury instruction conference, appears in the record at State's Lodgings A-2 and A-3. The Court concludes that expansion of the record is unnecessary, especially given that the Idaho appellate courts had access to only the records produced by Respondent, and not the entire transcript. Therefore, Petitioner's Motion is denied.

# RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

**A.     Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In such case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id.*   Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

**B.     Procedural Default**

      1.     <u>Standard of Law</u>

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims.  28 U.S.C. § 2254(b).

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

A petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review, *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground.²

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is

---

² *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

    2.    <u>Discussion</u>

Petitioner brings a claim that he was wrongfully denied jury instructions on the "right to protect his property." He does not identify a federal source for his claim in his federal Habeas Corpus Petition, nor did he do so on appeal in the Idaho courts. He did argue that a "defendant is entitled to have the jury instructed as to his or her theory of the case, [when] there is supportive evidence for that theory," which is a federal constitutional argument, but he supported the argument with no references to the federal Constitution and only state case law citations. (State's Lodging B-2, p. 6 & B-8, p. 6.) Petitioner's theory of defense was "defense of property," and, therefore, he relied on the state-law tort of trespass in *Jaquith v. Stanger*, 310 P.2d 805 (Idaho 1957), and the crime of unlawful entry, Idaho Code § 18-7034. (State's Lodging B-1.) Petitioner (the respondent on appeal) argued that he was entitled to such instructions under the Idaho Constitution Article I, § 1 (inalienable rights of man); Idaho Code § 19-201 (lawful resistance to commission of public offense), and Idaho Code § 18-7034 (trespass and malicious injuries to property). (State's Lodging B-2.)

After considering the arguments of the parties, the Idaho Court of Appeals determined that the state district court had not abused its discretion in finding that there were insufficient facts in the record to support the proposed instructions. (State's Lodging B-6.) No explicit federal basis was included in the subsequent petition for review before

**MEMORANDUM DECISION AND ORDER 7**

the Idaho Supreme Court, but Petitioner argued again that a "defendant is entitled to have the jury instructed as to his or her theory of the case, [when] there is supportive evidence for that theory." (State's Lodging B-8, p. 6.)

Here, the major difficulty with Respondent's argument that the jury instructions claim is procedurally defaulted is that the standard of law used by Petitioner and the Idaho Appellate Courts is essentially the same as the federal standard. The Idaho Court of Appeals cited the governing standard of law as: "A defendant is entitled to have the jury instructed as to his or her theory of the case, . . . but a requested jury instruction need not be given if it is either an erroneous statement of the law, adequately covered by other instructions, or not supported by the facts of the case." (State's Lodging B-6, p. 3.) This standard is the same as that found in *Mathews v. United States*, 485 U.S. 58, 63 (1988), where the Court held that a criminal defendant is entitled to an instruction on a defense that is recognized at law if there is sufficient evidence before the jury to support a finding in the defendant's favor.

Petitioner's counsel relied on this same statement of the law, but did not use the words "due process" or cite to the federal Constitution in his state court briefing. However, *Mathews* itself does not use these words, nor does *Stevenson v. United States*, 162 U.S. 313 (1896), to which *Mathews* cites for the same proposition. It is well-established that the proposition arises from cases such as *California v. Trombetta*, 467 U.S. 479, 485 (1984), where the United States Supreme Court held that the Due Process Clause is violated when a defendant is unfairly deprived of "a meaningful opportunity to

**MEMORANDUM DECISION AND ORDER 8**

present a complete defense." Applying *Trombetta* in the context of jury instructions, the Ninth Circuit has reasoned: "the right to present a defense would be empty if it did not entail the further right to an instruction that allowed the jury to consider the defense." *Bradley v. Duncan*, 315, F.3d 1091, (9th Cir. 2002) (internal citation and punctuation omitted). In short, while the right to have the jury instructed as to a defendant's theory of defense derives from the Constitution, the principle has become so fundamental that neither state nor federal courts regularly cite to the Constitution, but, rather, simply set forth the principle.[3]

This circumstance creates an unusual procedural default question.[4] This Court notes that in *Duncan v. Henry*, 513 U.S. 364 (1995), the Supreme Court left open the question of whether a claim is properly exhausted when the state and federal standards are identical. In *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003), the Ninth Circuit Court held that "for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." The *Peterson* Court applied the holding more strictly in a setting where

---

[3] United States Supreme Court precedent suggests that the right is rooted in the Sixth and/or Fourteenth Amendments to the United States Constitution. *Holmes v. South Carolina*, 547 U.S. 319 (2006) ("Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense,'" citing *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)).

[4] Another oddity in this case is that Respondent was the petitioner in the state court appeal, and Petitioner was the respondent. The parties have not addressed how that unusual procedural postures plays into the exhaustion rules.

**MEMORANDUM DECISION AND ORDER 9**

*counsel* had prepared the state appellate court brief, noting that the state-law citations may have been a "deliberate, strategic choice not to present the federal issue." *Id*. at 1159. In *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003), the Court concluded that such a claim was properly exhausted in the specific context of a pro se filing, referencing *Peterson*.

Here, Petitioner's state appellate briefs were prepared by counsel. Facing similar circumstances, some United States District Courts in the Ninth Circuit have applied *Sanders* to counseled filings, *Lowe v. Schomig*, 2007 WL 773881 (D. Nev. 2007), and some have held that it does not apply to counseled filings, *Williams v. Hall*, 2009 WL 1422744 (D.Or. 2009). This Court does not see that the distinction between uncounseled filings and counseled filings makes a difference when the standards are the same and when neither state nor federal courts routinely cite to the federal Constitution, though that is where the uniform principle originates. For example, if there were still time for Petitioner to return to state court and exhaust the "federal claim," he would again make the same argument, only this time, he would simply insert the words "Due Process Clause" or "Fourteenth Amendment," or other words referencing the federal Constitution. The crux of the matter is that the state appellate court has been given fair opportunity, and did, in fact, decide the issue of whether the jury instructions in Petitioner's case met the *Mathews* standard. That is sufficient for exhaustion.

C.   Merits

Given that the Court concludes that Petitioner's claim is not procedurally defaulted,

**MEMORANDUM DECISION AND ORDER  10**

the Court now turns to the merits of the claim.  The Court finds that further briefing on the merits would not aid the Court in making a determination in this case.  Because Petitioner's Petition is subject to the strict standards set forth in the Anti-terrorism and Effective Death Penalty Act (AEDPA), the Court cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning.  For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause, the petitioner must show that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413.  A federal court cannot grant relief simply because it

concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). The state court need not cite or even be aware of the controlling United States Supreme Court decision to be entitled to AEDPA deference. *Early v. Packer*, 537 U.S. 3, 8 (2002).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

Under all circumstances, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner has provided no United States Supreme Court precedent supporting his position that he had an absolute right to have a jury instruction on defense of property, and the Court has found none. There are no such cases existing on the more commonly recognized issue of self-defense. *See Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002) ("There is no Supreme Court decision unmistakably setting down this precise rule [that a jury must be instructed on self-defense], though the holding in *Mathews* has been taken by some courts as setting out a right to a jury instruction on self-defense."); *see also Rowe v. DeBruyn*, 17 F.3d 1047, 1052 (7th Cir. 1994).[5]

---

[5] In *Rowe v. DeBruyn*, the Court reasoned:
[W]e consider if the right to self-defense is a fundamental constitutional right within the Due Process Clause itself. We conclude that it is not. First, we

**MEMORANDUM DECISION AND ORDER 12**

Therefore, Petitioner must rely on *Trombetta* and *Mathews*, which set forth broader due process principles governing presentation of one's defense, to show that the Idaho Court of Appeals' decision was an unreasonable application of United States Supreme Court precedent.

At Petitioner's trial, the court gave both of Petitioner's requested instructions on self-defense, but refused the instructions on defense of property. (See State's Lodging B-2, at p. 3.) Reviewing the trial court's decision, the Idaho Court of Appeals concluded, as follows:

> [T]here was no abuse of discretion here where the court found there was at least implied permission for Tara to enter and no revocation of that permission. For a period of time, the house had been the matrimonial domicile of the couple; there was no court order excluding Tara from the residence; she was present for the express purpose of picking up Cody who was inside the residence at the time; and she only entered after Jason had invited her onto the porch, attempted to give her flowers, and it was past time for Cody to be returned to her. In addition, it was the magistrate who was present when Jason and Tara each testified as to what occurred during the incident, and having reviewed the record we will not presume from our perspective to find error in the trial court's conclusion that a reasonable view of the evidence did not support giving the instruction.

(State's Lodging B-6, p. 4.)

Based upon the state court record, this Court concludes that the Idaho Court of Appeals' opinion is not an unreasonable application of *Trombetta* or *Mathews*. It appears

---

find no precedent establishing a constitutional right of self-defense in the criminal law context, *see White v. Arn*, 788 F.2d 338 (6th Cir. 1986), *cert. denied*, 480 U.S. 917, 107 S.Ct. 1370, 94 L.Ed.2d 686 (1987) (holding that in criminal cases, there is no constitutional right to self-defense founded in the Eighth, Ninth, and Fourteenth Amendments).

**MEMORANDUM DECISION AND ORDER 13**

that Tara's entry onto the property or into the home was consensual because there was no discussion of that issue prior to the time Petitioner picked up Tara and removed her from his house. That the parties had an argument unrelated to the topic of Tara's presence in the home does not change the consensual nature of her visit. She testified at trial that when she turned to walk out of the home, he picked her up and forcibly removed her, without any words that would indicate a withdrawal of consent or a request to leave the home. (State's Lodging A-2, p. 15.) Petitioner testified at trial that once Tara took the child from him, he just "slipped around, around back of her and picked her up," again, without any words indicating that she had no right to remain on the property. (*Id.*, p. 59.) While the consensual nature of the visit was merely *implicit*, and not *explicit,* and Petitioner's trespassing argument is not untenable, this Court cannot grant habeas corpus relief on an argument that the Idaho Court of Appeals' decision was erroneous; rather, the decision must be both erroneous *and* unreasonable to warrant habeas relief. Because the opinion is not an unreasonable application of *Mathews*, relief under § 2254(d)(2)(1) is not warranted.

To be eligible for relief under § 2254(d)(2), Petitioner must show that the decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*. Again, the factual determinations set forth above are not unreasonable given the testimony of the parties at trial and the fact that the magistrate court making the determination of whether the evidence supported the instruction had observed the testimony of both witnesses. Therefore, the claim also fails

**MEMORANDUM DECISION AND ORDER 14**

under a § 2254(d)(2) analysis.

Based on all of the foregoing, the Court concludes that Petitioner's Petition is subject to denial and dismissal with prejudice.

**CONSIDERATION OF CERTIFICATE OF APPEALABILITY FOR APPEAL**

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further*." Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits,"

but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has denied Petitioner's claim on the merits. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision and that the issues presented are not adequate to deserve encouragement to proceed further. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that the case has been fully and fairly considered where Petitioner is representing himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 9) is GRANTED. Petitioner's Petition is DENIED and DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel (Docket No. 12) is DENIED.

**MEMORANDUM DECISION AND ORDER 16**

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Expand the Record (Docket No. 14) is DENIED.

IT IS FURTHER HEREBY ORDERED that the Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED: **February 20, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER  17**